UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **RODNEY LABORDE AND LORI LABORDE** | * | **CIVIL ACTION NO. 12-2328** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **TREADWELL RESTAURANTS OF LA, LLC, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## ORDER

On September 6, 2012, defendants, Zurich American Insurance Company and Treadwell Restaurants of LA, LLC ("Treadwell"), removed the instant case to federal court, apparently on the basis of diversity jurisdiction. *See* Notice of Removal.[1] A notice of removal, however, must contain a short and plain statement setting forth the grounds for removal. 28 U.S.C. § 1446(a). Furthermore, federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction rests on the party invoking the federal forum. *Id*. When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source). This rule requires "strict adherence." *Id*.

In the case *sub judice*, the notice of removal alleges that removing defendant, Treadwell, is a Missouri limited liability company, and that its sole member is a Missouri domiciliary. *See*

---

[1] The Notice of Removal endeavored to set forth the citizenship of the parties, but did not specifically invoke 28 U.S.C. § 1332. *Id*.

Notice of Removal.[2]  In its corporate disclosure statement, Treadwell states that its sole member is "James M. Treadwell revocable Trust, of Christian City, Missouri" (the "Trust").  (Rule 7.1 Disclosure Statement [doc. # 2]).  However, removing defendants fail to identify the trustee and his or her citizenship.  *See Mullins, supra* (citizenship of a trust is that of its trustee).[3]

Furthermore, the notice of removal does not contain a statement asserting (and demonstrating) that the amount in controversy exceeded the jurisdictional minimum at the time of removal.  *See* 28 U.S.C. § 1446(c)(2).

Accordingly, within the next fourteen days from the date of this order, defendants are granted leave of court to file an amended notice of removal which establishes diversity jurisdiction.  *See* 28 U.S.C. §1653.  If defendants fail to so comply, or if subject matter jurisdiction is found to be lacking, then the matter will be remanded to state court.

IT IS SO ORDERED.

---

[2] For purposes of diversity, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  Moreover, for each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations. *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

[3] As observed earlier, the notice of removal states that Treadwell's sole member is domiciled in Missouri.  It remains unclear, however, whether removing defendants are referring to the unnamed trustee, or simply concluding that the trust is domiciled in Missouri because that it is where it was formed or its interests lie.
The court further notes that plaintiffs also sued "The Manager of Treadwell Restaurants of LA, LLC d/b/a Kentucky Fried Chicken." (Petition, ¶ 1).  In a removed case, however, fictitiously named defendants are disregarded for purposes of assessing diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

THUS DONE AND SIGNED, in chambers, at Monroe, Louisiana, this 27th day of December 2012.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE